IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JEFFERY D. ALM,

    Plaintiff,

vs.                                                                       Civ. No. 05-783 RB/RLP

JO ANNE B. BARNHART, Commissioner
of the Social Security Administration,

    Defendant.

## REPORT AND RECOMMENDATION

I. Introduction.

The complaint in this social security action was filed on June 19, 2005. Defendant entered an appearance on August 26, 2005, and her answer on October 18, 2005. On October 20, 2005, this court entered its Order setting a briefing schedule. Pursuant to this Order, Plaintiff was directed to file a Motion to Reverse or Remand Administrative Decision with supporting Memorandum on or before December 19, 2005. No motion with supporting memorandum was filed. On February 22, 2006, this court entered an Order *sua sponte*, directing Plaintiff to file a Motion to Reverse or Remand Administrative Agency Decision, with Memorandum Brief, in support of his request for judicial review of the decision of the Defendant to deny his claim for social security benefits. Plaintiff was granted until March 21, 2006, to file a Motion with supporting memorandum brief, and was advised that failure to do so would result in a dismissal of his complaint pursuant to Rule 41(b) F.R.Civ.P. On March 14, 2006, Plaintiff filed a motion asking that the decision of the Defendant be reversed. The Motion stated no grounds for reversal and contained no citation to legal authority. I recommend that this action be **Dismissed without prejudice** for failure to prosecute

pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## II. Analysis

Rule 41(b) of the Federal Rules of Civil Procedure provides in relevant part, "[f]or failure of the plaintiff to prosecute or to comply with . . . any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." The District Court has the inherent power to dismiss a case, *sua sponte*, for lack of prosecution pursuant to Rule 41(b). Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962). This remedy is warranted when lesser sanctions would be ineffective. Jones v. Thompson, 996 F.2d 261, 264 (10th Cir. 1993).

Criteria to be considered in determining whether a case should be dismissed pursuant to Rule 41(b) include:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) efficacy of lesser sanctions.

Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992).

Plaintiff's complaint alleges that he is disabled and cannot work. In his motion filed March 14, he has not further framed the issues or cited to the administrative record. I find that Defendant is prejudiced because she can not respond to such undefined claims in any meaningful manner. Plaintiff's failure to obey this court's orders to submit a memorandum

brief in support of his claims has resulted in untoward delay in the resolution of this case, and therefore has interfered with the judicial process. Plaintiff, though appearing *pro se*, "must follow the same rules of procedure that govern other litigants." Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). Plaintiff was warned in this court's order of February 22 that failure to file a brief with supporting memorandum would result in dismissal of his claim. I conclude that Plaintiff's failure to comply with this court's orders warrants dismissal of this action. Given the Plaintiff's *pro se* status, I recommend that dismissal be without prejudice.

### III. Conclusion

Based on the foregoing, I recommend that Plaintiff's claim be **Dismissed Without Prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

### IV. Objections

In accordance with §28 U.S.C. 636(b) and Fed.R.Civ.P. 72(b), a party may file specific written objections to this Report and Recommendation. Objections must be filed with the Clerk of the District Court for the District of New Mexico within 10 days of being served with a copy of this Report and Recommendation. See Fed.R.Civ.P. 6 (as to computation of time periods). If specific written objections are timely filed, the district judge assigned to this case will make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific

written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions. Fed.R.Civ.P. 72(b). See also §28 U.S.C. 636(b)(1).

The Court of Appeals for the Tenth Circuit has adopted a "firm waiver rule" in connection with appeals from orders adopting a Magistrate Judge's report and recommendation. "[T]he failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." United States v. One Parcel of Real Property, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)). Thus, a timely, specific and written objection is necessary to preserve an issue for de novo review by the assigned district judge and for appellate review by the court of appeals. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); Haney v. Addison, 175 F.3d 1217 (10th Cir. 1999); and Talley v. Hesse, 91 F.3d 1411 (10th Cir. 1996).

_____
Richard L. Puglisi
United States Magistrate Judge